IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANG & WANG LLP, | No. Civ. S-06-00761 DFL KJM |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| BANCO DO BRASIL, S.A., et al., | |
| Defendants. | |

Wang & Wang LLP ("Wang"), a law firm, brings this action against its former client, Banco do Brazil ("Banco"), for fraud, breach of contract, and other causes of action related to unpaid legal bills.  Before the court is Banco's motion to dismiss. For the reasons discussed below, Wang's fraud and California Business & Professions Code § 17200 ("§ 17200") claims are DISMISSED with leave to amend, and Wang's negligent misrepresentation claim is DISMISSED with prejudice.  Banco's

motion is DENIED with respect to Wang's remaining causes of action.

## I. Facts and Procedural History

Wang is a San Francisco law firm. Banco is the largest bank in Brazil. By 2001, Francis S. L. Wang, a partner at Wang, had represented Banco for about thirty years in various matters. In December 2001, Banco asked Wang to represent it in a lawsuit (the "underlying litigation") brought in the United States District Court for the Central District of California. According to Wang, "primarily through [its] general counsel for internal affairs, Lincoln Chaves ('Chaves'), and Rubens Amaral ('Amaral'), the General Manager of Banco's New York branch," Banco intentionally misrepresented to Wang that it would pay for the legal services it was asking Wang to perform. Wang claims that over the course of a year, Banco repeatedly promised to pay its bills, which eventually reached over $1.4 million. Wang alleges that Banco had no intention of paying for its services, and that Banco has not paid. In addition, Wang alleges that Banco owes it over $400,000 for work performed before December 2001.

According to Wang, Banco's plan was to increase Wang's financial exposure to the point where Banco could force Wang to accept a small fraction of what it was owed.

Banco denies Wang's allegations of fraud. It asserts that Wang churned the underlying litigation, rendered incompetent and false advice, and increased Banco's exposure in the underlying litigation from $300,000 to over $2.5 million. Banco contends that it is justified in refusing to pay Wang's fee.

## II.   Analysis

### A.   Negligent Misrepresentation Claim

Wang brings a cause of action for negligent misrepresentation. It alleges that Banco lacked reasonable grounds to tell Wang that it would pay its bills, but promised to do so nonetheless. Compl. ¶ 78. Banco correctly asserts, however, that California does not recognize a cause of action for a negligent false promise. Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 159 (1991). Wang's claim for negligent misrepresentation is therefore dismissed with prejudice.

### B.   Fraud Claim

Banco moves to dismiss Wang's fraud claim on grounds that it fails to meet Fed. R. Civ. P. 9(b)'s requirement that fraud claims be pleaded with particularity. Whether based on state or federal law, a cause of action for fraud brought in federal court must meet the requirements of Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

"The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann, 2 Cal. App. 4th at 157 (citations omitted). Wang's complaint is vague about who made the allegedly fraudulent representations and when the statements were allegedly made.[1] Wang's complaint alleges that Banco's fraudulent representations were made "*primarily* through . . . Lincoln Chaves . . . and Rubens Amaral." (emphasis added). The word "primarily" implies that other, unnamed people made some of the misrepresentations. This falls short of alleging "the names of the persons who made the allegedly fraudulent representations." Tarmann, 2 Cal. App. 4th at 157.

---

[1] Banco also argues that Wang's complaint fails to plead adequately why its representations were fraudulent when made. Wang's complaint is not deficient on this score. Wang alleges that Amaral and Chaves promised that Banco would pay Wang's fees when in fact they knew that it did not intend to pay. This alleges an actionable misrepresentation. See Tarmann, 2 Cal. App. 4th at 158-59 ("A false promise is actionable on the theory that a promise implies an intention to perform, that *intention to perform or not to perform* is a state of mind, and that misrepresentation of such a state of mind is a misrepresentation of *fact*. The allegation of a *promise* (which implies a representation of intention to perform) is the equivalent of the ordinary allegation of a representation of fact.") (quoting 5 Witkin, Cal. Procedure, Pleading § 670 (3d ed. 1985) (emphasis original)).

Furthermore, Wang's complaint inadequately ties particular misrepresentations to particular speakers.  Wang alleges that "Banco represented to plaintiff that it intended to pay plaintiff in full, and would pay plaintiff in full, for all legal services provided and costs incurred in the [u]nderlying [l]itigation, at plaintiff's regular rates and fee structure, as set forth in plaintiff's periodic invoices and statements."  The problem is that Wang does not specify who said this.  Such vague pleading does not satisfy Rule 9(b).  See Moore, 885 F.2d at 540.

Wang's complaint is also vague about the timing of Banco's alleged misrepresentations.  The complaint alleges that Banco's misrepresentations were made "in numerous telephone discussions . . . commencing in December, 2001, and repeated periodically during the course of the [u]nderlying [l]itigation."  But "[a]llegations such as '[d]uring the course of discussions in 1986 and 1987,' 'in or about May through December 1987,' and 'May 1987 and thereafter' . . . do not make the grade" under Rule 9(b).  U.S. Concord, Inc. v. Harris Graphics Corp., 757 F.Supp. 1053, 1057 (N.D. Cal. 1991).  Wang argues that "commencing in December, 2001" is sufficiently precise, and somehow distinguishable from the language at issue in U.S. Concord, because it indicates that at least one instance of misrepresentation occurred in December 2001.  There are two

problems with this argument.  First, "commencing in December, 2001" is no more precise than "May 1987 and thereafter," the timeframe found insufficiently precise in U.S. Concord.  Second, Wang does not specify who said what to whom in December 2001. It is not good enough to allege that someone made a misrepresentation to someone else in a particular month, especially given the nature of this case and this claim. Surely, a law firm can be expected to have more specific records of telephone conversations with a major client.

Finally, relying on Moore, Wang argues that a lesser pleading standard should apply here because Banco has equal knowledge of the alleged misrepresentations.  Moore states that the requirements of Rule 9(b) "may be relaxed as to matters within the opposing party's knowledge."  885 F.2d at 540.  It would be inappropriate to relax the particularity requirement here, however, because the necessary details Wang fails to include in its complaint are directly known to Wang.  There is no excuse for Wang's failure to plead with particularity the details of conversations to which it was a party.

For these reasons, Wang's fraud claim is dismissed with leave to amend.  The amended complaint shall be filed within 30 days of the date of this order.

////

////

C. <u>Breach of Contract Claim</u>

Banco moves to dismiss Wang's claim for breach of contract – or, in the alternative, for a more definite statement – on grounds that the claim fails to state all relevant terms and is too uncertain and indefinite.  The thrust of Banco's argument is that Wang's contract claim is defective because it purports to be based on a written contract, and yet Wang did not attach a copy of that contract to the complaint.  Banco cites an unpublished district court opinion for the proposition that "to state a claim under California law for breach of written contract, the plaintiff must attach a copy of the contract or set out its terms verbatim in the complaint.  <u>Campbell v. Allstate Ins. Cos.</u>, No. CV-95-1171-WDK, 1995 WL 376926, at *2 (C.D. Cal., May 17, 1995) (citing <u>Otworth v. Southern Pacific Transp. Co.</u>, 212 Cal. Rptr. 743, 747 (1985)).

But better California authority supports the contrary proposition.  "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language."  <u>Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.</u>, 29 Cal. 4th 189, 198-99 (2002).  More important, the relaxed pleading standard of Fed. R. Civ. P. 8(a) – not the California standard – applies in federal court.  See William W Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 8:23 ("[T]he *manner* in

which [state law] claims or defenses are raised [in federal court] is governed by the Federal Rules.") (citations omitted and emphasis original).  Under that standard, Wang's claim is not defective just because it does not state the contract terms verbatim or attach a copy of the contract.

Nevertheless, Banco moves for a more definite statement under Rule 12(e) because, it claims, Wang's contract claim "is so vague or ambiguous that Banco cannot reasonably be required to frame a responsive pleading."  The source of this vagueness or ambiguity, according to Banco, is that Wang's claim adverts to a pre-existing agreement without describing its relationship to the written contract.  Also, Banco finds ambiguity in Wang's claim that Banco "further agreed to pay [Wang] its normal hourly rates for litigation services."  Banco argues that the word "further" here suggests that Wang is suing not only on the written contract, but on some unspecified additional agreement, as well.  Finally, Banco points out that Wang is suing for interest on Banco's unpaid balances, but that Wang does not allege any contract provision concerning interest payments.  Banco claims to be at a loss as to where the claim for interest may be based.  According to Banco, Wang's contract allegations "are just too indefinite, vague and/or ambiguous to require a response."

Although Banco is correct that Wang's contract claim could be more detailed, it adequately apprises Banco of the substance of Wang's claim. "A motion for more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail. Thus, the motion fails where the complaint is specific enough to apprise defendant of the *substance* of the claim being asserted." William W Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:349 (citations omitted and emphasis original). Wang's breach of contract claim alleges that Wang and Banco entered into a written contract in 2000 that is identical in its terms to their pre-existing contract and under which Banco agreed to pay for Wang's legal services at Wang's normal hourly rates; that Banco has failed to pay for services rendered in the course of representing Banco in the underlying litigation; and that Banco owes Wang at least $400,000 for legal services rendered before December 2001, and for accrued interest. This is an intelligible claim. Banco can obtain whatever additional information it desires, and clear up any ambiguities, through discovery. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981) ("[W]here the information sought by the moving party is available and/or properly sought through discovery the [Rule 12(e)] motion should be denied."). Accordingly, Banco's motion to dismiss Wang's contract claim is denied.

D. Common Counts (Open Book and Quantum Meruit)

Banco's only argument for dismissing Wang's common counts is premised on the defectiveness of *both* Wang's fraud and contract claims. As just discussed, Wang's contract claim is not defective. Therefore, Banco's motion to dismiss the common counts is denied.

E. Section 17200 Claim

Banco argues that Wang's § 17200 claim should be dismissed because it is predicated on the same faulty pleadings as Wang's fraud claim.

A § 17200 claim can be based on any conduct that is "unlawful," "unfair" or "fraudulent." Cal. Bus. & Prof. Code § 17200. Wang asserts that its § 17200 claim need not satisfy the requirements of Rule 9(b) because a fraudulent conduct claim under § 17200 is distinct from a claim for common-law fraud. Alternatively, Wang argues that if Rule 9(b) does apply to a fraudulent conduct claim, its § 17200 claim survives because it adequately alleges "unlawful" or "unfair" conduct. Wang's arguments lack merit.

A state-law claim alleging fraud brought in federal court must satisfy the heightened pleading requirements of Rule 9(b). Vess, 317 F.3d at 1103. A claim alleges fraud if it "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct." Id. at 1104. Wang bases its § 17200

claim on the allegation "that Banco had and has a pattern and practice of . . . inducing professional service firms . . . to render professional services through intentional misrepresentations that they would be fully and timely paid." This is a fraud claim, and thus it is subject to the heightened pleading requirements of Rule 9(b).  As already discussed, Wang's allegations fail to satisfy those requirements.

Wang's second argument – that its allegations adequately support a claim for "unfair" or "unlawful" conduct under § 17200 – also fails. "The proper route is to *disregard* averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." Vess, 317 F.3d at 1104 (emphasis original).  Disregarding the elements of Wang's complaint that allege fraudulent conduct, all that remains is a naked claim for breach of contract, which, standing alone, is an insufficient basis for a § 17200 claim.  Nat'l Rural Tel. Cooperative. v. DirecTV, Inc., 319 F.Supp.2d 1059, 1074-75 (C.D. Cal. 2003) (holding that a breach-of-contract claim can support a cause of action under § 17200 only "provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'") (citation and internal quotation marks omitted).  Accordingly, Wang's § 17200 claim is dismissed with leave to amend.

## CONCLUSION

For the above stated reasons, Banco's motion to dismiss is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated:  March 26, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge