IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANG & WANG LLP, a California Limited Liability Partnership,<br><br>          Plaintiff,<br><br>     v.<br><br>BANCO DO BRASIL, S.A., a Brazilian business entity; RUBENS VIEIRA DO AMARAL, an Individual; DOES 1 through 10, inclusive,<br><br>          Defendants. | Civil No. 2:06-CV-00761-JAM-KJM<br><br>ORDER GRANTING DEFENDANT RUBENS AMARAL'S MOTION TO DISMISS THIRD AMENDED COMPLAINT |

     This matter is before the Court on Defendant Rubens Amaral's ("Amaral") motion to dismiss Plaintiff Wang & Wang LLP's ("Wang") complaint for failure to state a claim pursuant

to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below[1], Defendant's motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2004, Banco initiated arbitration before the Bar Association of San Francisco ("BASF") to resolve an attorney-client fee dispute between attorney Wang and client Banco.  After the BASF arbitration was initiated, Plaintiff filed its Original Complaint in this matter on September 4, 2004, in the Superior Court of Sacramento County for breach of contract, fraud, and common counts, naming Rubens Amaral and Banco do Brasil, S.A. ("Banco") as defendants.  The case was removed to this Court, on April 7, 2006, under the Foreign Sovereign Immunities Act.  Docket ("Doc.") # 1.

On April 27, 2006, Plaintiff dropped Amaral as a defendant from its First Amended Complaint ("FAC") naming only Banco and Does 1 through 10 as defendants.  Doc. # 6.  Despite Plaintiff's decision to drop Amaral as a defendant, Plaintiff continued to allege that Amaral made fraudulent representations to Plaintiff. FAC ¶¶ 24, 52.  Plaintiff filed its Second Amended Complaint ("SAC") on April 25, 2007.  Again, the complaint named only Banco and Does 1 through 10 as defendants, but continued to make

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

allegations regarding acts by Amaral.  SAC ¶¶ 62-64, 69.  Then on August 14, 2008, more than two years after Wang dropped Amaral as a defendant, Wang filed its Third Amended Complaint ("TAC") adding Amaral as a defendant.  The TAC does not add any additional facts regarding Amaral's involvement with allegedly fraudulent acts other than those facts already contained within the SAC.  TAC ¶¶ 63, 65, 70.

In the instant motion, Amaral seeks to dismiss Wang's complaint against him for failure to state a claim before the applicable statute of limitations expired.  Doc. # 65.  In opposition, Wang argues the time for bringing an action against Amaral for fraud was extended for two years pursuant to a stay and equitable tolling by the BASF arbitration.  Plaintiff also contends that the relation back doctrine applies to the claims against Amaral.  Doc. # 70.

II. OPINION

A. Legal Standard

On a motion to dismiss, the allegation of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).  Thus, the

plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. Id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated . . . the laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex. rel. Chunie v. Ringrose, 788 F.2d 638, n. 2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

B. Statute of Limitations

4

The applicable statute of limitations governing Wang's fraud claims is Cal. Code Civ. Proc. § 338(d), which provides a three year statute of limitations for bringing "an action on the ground of fraud or mistake." Cal. Code Civ. Proc. § 338(d). Both parties agree that such claims are governed by the three-year statute of limitations.

Under California statutory law, a cause of action for fraud or mistake "is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d). Courts, however, have "read into the statute a duty to exercise diligence to discover the facts." See Parsons v. Tickner, 31 Cal. App. 4th 1513, 1525 (1995). The California Supreme Court has held, in a suit alleging claims for fraud and negligent misrepresentation, that inquiry notice is sufficient to trigger the running of the statute of limitations set forth in § 338(d). See Miller v. Bechtel Corp, 33 Cal. 3d 868, 875 (1983) (noting that if plaintiff therein "became aware of facts which would make a reasonably prudent person suspicious, she had a duty to investigate further, and she was charged with knowledge of matters which would have been revealed by such an investigation").

Here, it is clear from the pleadings that Wang had sufficient knowledge of Amaral's purportedly fraudulent acts,

such that Wang was able to file a compliant against Amaral on September 24, 2004 alleging Amaral's participation in a fraudulent scheme.  <u>See</u> Original Complaint.  Despite this knowledge, Wang intentionally dropped Amaral from litigation on April 27, 2006 upon filing its FAC.  Wang does not contest that a claim for fraud accrues upon "discovery" of facts constituting the fraud.  Cal. Code Civ. Proc. § 338(d).  By Wang's own admission, it discovered knowledge of Amaral's involvement in the alleged fraud, within the three years prior to filing the Original Complaint on September 24, 2004.  FAC ¶ 74.  Consequently, the statute of limitations for fraud claims against Amaral started running, at the latest, upon the filing of Wang's Original Complaint on Sept. 24, 2004.

    The effect of dropping Amaral from litigation was that, for the purposes of computing time under the statute of limitations, Amaral is treated as if he had never been in the litigation at all.  <u>See</u> <u>Hal Roach Studios, Inc. v. Feiner & Co., Inc.</u>, 896 F.2d 1542, 1546 (9th Cir. 1989).  "The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  After dropping Amaral from litigation, Wang had until September 24, 2007 under the three year statute of limitations to bring Amaral back into litigation.  Wang added Amaral as a defendant only in its TAC,

6

filed August 14, 2008.  By this time, the statute of limitations had already run.  Accordingly, Plaintiff has failed to bring Amaral into litigation within the requisite three year period. Unless Plaintiff can prove to the Court a valid reason supporting why its fraud claims against Amaral are not time-barred, Amaral must be dismissed as a defendant.

C. Statutory and Equitable Tolling

Wang contends that the time for filing its fraud claims against Amaral was tolled when Banco initiated arbitration over its fee disputes with Wang.  Pl's Opp. 8:12-19.  Plaintiff bases its argument on the provisions of the California fee arbitration statute Cal. Bus. & Prof. Code §§ 6200 et seq., and on equitable tolling principles.  Id. 9:10, 10:24.  However, the fee arbitration statute on which Plaintiff's argument relies is limited in scope to fee disputes between attorneys and their clients, and none of the facts alleged by Plaintiff permit this Court to apply equitable tolling principles.

The provisions of Cal. Bus. & Prof. Code §§ 6200 et seq. specifically deal with arbitration of attorney-client disputes concerning "fees, costs, or both."  Cal. Bus. & Prof. Code § 6200(a).  The provisions are limited in their application to fee disputes between "attorneys and their clients to whom they have rendered professional services."  National Union Fire Ins. Co. v. Stites Prof. Law Corp., 235 Cal. App. 3d 1718, 1727 (1991).

The statute was "designed to provide a speedy and inexpensive method for determining solely the amount of fees that an attorney is entitled to charge the client." Liska v Arns Law Firm, 117 Cal. App. 4th 275, 287 (2004). It does not encompass arbitration of non-fee dispute claims, such as malpractice claims against an attorney, or other claims related to professional misconduct. Cal. Bus. & Prof. Code § 6203(a). Fraud claims against an attorney or client cannot be resolved in BASF arbitration proceedings. Liska, 151 Cal. App. 3d at 288. Fraud claims are separate claims, to which the statute of limitations applies. Id. at 289.

Here, Wang misapplies the statute's tolling provision to its renewed claims against Amaral. The statute "limits the scope of arbitration that the client may demand to the amount of reasonable fees (or costs) to which the attorney is entitled." Id. at 282. Wang's fraud claims against Amaral, a non-client and a non-fee dispute claim, are not subject to arbitration under the statute. Only Wang's civil action for legal fees against Banco was tolled until completion of the arbitration. The time for filing an action for fraud against Banco and Amaral was not tolled by the statute. Thus on February 4, 2004, when Banco exercised its right as a client to demand BASF arbitration over the fee dispute, the fee dispute was arbitrated and tolled until completion. There were no fraud claims asserted or

arbitrated in the BASF arbitration proceeding, nor could there have been because Wang's fraud claims against Amaral were not subject to arbitration under the statute.  Liska, 151 Cal. App. 3d at 288.  Accordingly, the time for filing an action for fraud against Amaral was not tolled by Cal. Bus. & Prof. Code § 6206.

Plaintiff also argues that Banco's request for arbitration "superseded and stayed" the Original Complaint filed by Wang in September 2004, a complaint filed more than six months after the arbitration was initiated.  Pl's Opp. 8:10-27.  Plaintiff contends that the statutory stay covered the entire action and precluded it from proceeding against any defendant in the action, including Amaral.  Id. 9:1-27, 10:12-24.

Here, as discussed above, the stay provisions apply only to a civil action to recover fees as to which a client has a right to demand arbitration.  Liska, 151 Cal. App. 3d at 288.  The stay would not apply to a claim for fraud brought by Wang against Amaral, a non-client and a non-fee dispute claim.

Furthermore, the record demonstrates that Wang possessed information that would have permitted it to bring timely claims against Amaral.  Wang could have kept Amaral in the case, rather than intentionally dropping him, or Wang could have brought Amaral into the case again before the applicable three year statute of limitations expired in September 2007.  The Original Complaint and subsequent complaints show that Wang was aware of

9

Amaral's identity and potential liability for fraud.  The statute is not tolled while a plaintiff searches for evidence to make out its case.  Once the suspicion exists, which was evidenced here in September 2004 in Plaintiff's Original Complaint, Plaintiff must formalize its claims within the statutory period.  Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir. 1988).  Where, as is the case here, the plaintiff had this knowledge and information and failed to bring its claims until the statutory period had passed, equitable tolling will not apply, and a motion to dismiss is proper.  Id. Accordingly, the facts and law before the Court show that neither the tolling provisions of Cal. Bus. & Prof. Code § 6206 nor the principles of equitable tolling apply to Wang's fraud claims against Amaral.

D. Relation Back Doctrine

Wang contends Amaral's motion to dismiss fails because it relies on evidence that goes beyond the face of the TAC and that factual issues preclude this Court from deciding whether relation back would apply to Wang's claims against Amaral.  Pl's Opp. 11:1-28, 12:1-26.  To obtain "relation back" under Fed. R. Civ. Proc. 15(c)(1)(c) a plaintiff must satisfy all the provisions of the rule, and show: (1) that the amended claims arise out of the "conduct, transaction or occurrence" pleaded in the original complaint; (2) that the new defendant had such

notice of these claims that it would not be prejudiced in defending the action; (3) that defendant had such knowledge that it would have been sued earlier, but for plaintiff's mistake regarding the "proper party's identity;" and (4) that the "notice" and "knowledge of mistake" factors had been satisfied within the period for service prescribed by Rule 4(m).  If plaintiff fails to show that any one of these provisions is satisfied, then relation back cannot be applied.

Relation back was not meant to apply where plaintiff made an intentional choice not to sue a defendant, and then sought to bring that defendant back into litigation after the statutory period had passed.  Nelson v. Adams, 529 U.S. 460, 467 n.1 (2000).  Where a plaintiff is aware of defendant's identity and potential liability, but has made a conscious choice to sue certain defendants but not others, then the required element of "mistake" is not present, and the omitted defendant cannot be joined after the statute of limitations has passed.  Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993).

Here, Wang was aware of Amaral's identity, and as the complaints demonstrate, aware of Wang's potential liability for fraud well within the statute of limitations.  FAC ¶ 74.  Wang, by his own admission, intentionally chose not to pursue litigation against Amaral.  Pl's Opp. 3:20-27.  Thus, Plaintiff has not satisfied the third prong of the relation back inquiry

because there was no mistake as to Amaral's identity or involvement.  Wang made a conscious decision not to sue Amaral and now seeks to rejoin Amaral after the statute of limitations has passed.  Because Wang cannot satisfy the "mistake" requirement of the relation back rule, relation back will not apply.  Accordingly, the facts and law before the Court show that the statute of limitations had run by the time Wang filed its TAC and that relation back does not apply to Wang's fraud claims against Amaral.

## III. ORDER

For the reasons set for above, Defendant Amaral's motion to dismiss Plaintiff Wang's third amended complaint is GRANTED with prejudice.


It is so ORDERED.

Dated: November 25, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE