IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANG & WANG LLP, a California Limited Liability Partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>BANCO DO BRASIL S.A., a Brazilian business entity; DOES 1 through 10, inclusive,<br><br>    Defendant.<br>_____/ | Civil No. 2:06-CV-00761-JAM-KJM<br><br><u>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u> |

This matter comes before the Court on Plaintiff Wang & Wang LLP ("Wang") and Defendant Banco Do Brasil S.A.'s ("Banco") cross motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is DENIED and Defendant's motion is GRANTED in part and DENIED in part.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant Banco Do Brasil, S.A. is a large Brazilian based international banking corporation that conducts business in the

State of California.  Plaintiff's Third Amended Complaint, filed August 14, 2008, ("TAC") ¶ 2.  Plaintiff Wang & Wang LLP is a law firm with its principal place of business in San Francisco, California.  TAC ¶ 1.  Wang has served as outside counsel for Banco for nearly thirty years.  Def's Motion for Summary Judgment, filed January 14, 2009, ("Def's Mot.") at 1:7-9.  During their long relationship, Wang represented Banco in numerous transactional and litigation matters, and in return Banco consistently paid Wang for its services based on reasonable hourly rates.  Pl's Motion for Summary Judgment, filed January 14, 2009, ("Pl's Mot.") at 3:1-5.

In December 2001, Wang represented Banco in a matter brought by World of Leisure Manufacturing Co. in the United States District Court for the Central District of California (hereinafter the "Underlying Litigation").  Def's Mot. at 1:14-16.  The Underlying Litigation involved a $275,000 letter of credit dispute.  Id. at 1:16.  Wang billed Banco a total of $1,398,119.39 in attorneys' fees for the work performed in the Underlying Litigation.  Id. at 4:22-23.  Wang has never been paid for the work performed in the Underlying Litigation and as a result, has brought this suit against Banco, its client.  Pl's Mot. at 2:4-7.

Wang's Third Amended Complaint alleges five causes of action: (1) Breach of Contract; (2) Fraud and Concealment; (3)

2

Unfair Business Practices under Bus. & Prof. Code Sec. 17200; (4) Open Book Account; and (5) Quantum Meruit. Docket ("Doc.") # 49. On January 14, 2008, both parties filed motions for summary judgment. Doc. ## 86, 89. Wang's motion seeks summary judgment against Banco on the first and second causes of action, namely the breach of contract and fraud and concealment claims. Doc. # 89. Banco opposes the motion. Doc. # 105. Banco's motion for summary judgment requests the Court to grant summary judgment in its favor as to all five of Wang's claims. Doc. # 86. Wang opposes Banco's summary judgment motion in regards to four of the five claims. Doc. # 104. Wang does not oppose Banco's request for summary judgment on the third cause of action for Unfair Business Practices under Bus. & Prof. Code Sec. 17200. Id.

## II. OPINION

A. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." Cleotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252. This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B. Venue

4

At the February 11, 2009 hearing on the parties' cross-motions for summary judgment, the Court raised the issue of the basis for the original filing of this matter in the Sacramento Superior Court and whether venue is proper in this Court. After considering the parties' briefs on this matter, the Court concludes that although the original filing of this action would have been proper in another district, removal of the action to the Eastern District of California was proper. See 28 U.S.C §1441(d). Accordingly, venue is proper in this Court and the case shall remain here, especially considering that the case is set for pretrial in March and the trial in April.

C. Breach of Contract

Plaintiff Wang's breach of contract claim is based on Banco's alleged breach of a written agreement entered into in 2000, known as the Legal Services Agreement. TAC ¶¶ 43-54. Wang asserts that Banco breached the Legal Services Agreement by refusing to pay its invoices for fees in the Underlying Litigation as specified by the agreement. TAC ¶ 53. Banco asserts the Legal Services Agreement expressly does not apply to litigation services and therefore, Wang's breach of a written contract claim must fail as a matter of law. Def's Mot. 11:12-25. To prevail on a breach of contract claim Wang must prove the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3)

5

defendant's breach; and (4) damages to plaintiff as a result of the breach. See CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).

Here, Wang cannot prove the first element for a breach of contract claim as a matter of law. The written agreement on which Wang's breach of contract claim relies, the Legal Services Agreement of 2000, explicitly states "this letter agreement does not cover the provision of legal services for prelitigation counseling or for litigation of any kind . . ." See Doc. # 91, Decl. of Fracnis Wang, Exh. 1. The Underlying Litigation was indisputably a litigation representation that was not covered by the Legal Services Agreement. Moreover, there are no rates specified in the written agreement for litigation work, nor are there any other terms and conditions of billing, billing details, or payment for litigation representation. See id. As such, the agreement does not cover the parties' dealings in the Underlying Litigation. Because Wang's breach of contract claim is based entirely upon the existence of a written agreement and Wang cannot provide proof of a written agreement, Wang's breach of contract claim fails as a matter of law. Accordingly, Wang's motion for summary judgment on the breach of contract claim is

DENIED and Banco's summary judgment motion on the breach of contract claim is GRANTED.[1]

D. Fraud and Concealment

Wang alleges that Banco had a "secret plan" to induce Wang to mount an aggressive defense in the Underlying Litigation, while harboring a pre-conceived intention not to pay Wang for its representation. TAC ¶ 32. Banco argues it was always willing and remains willing to pay Wang a reasonable fee for its services in the Underlying Litigation. Def's Mot. at 20:19-26. Banco contends it did not pay Wang's bills because of legitimate concerns about the attorneys' fees charged and Wang's failure to substantiate its bills. Id. at 20:23-26.

To prove fraud on the part of Banco, Wang must establish the following elements: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). A promise made "with an honest but unreasonable intent to perform" is not the same as making a false promise constituting fraud. Tarmann

---

[1] Although the Court permitted the parties to discuss a breach of an oral contract at the February 11, 2009 hearing, the Court will not issue a ruling on an oral contract claim because Plaintiff did not allege such a breach in its complaint and thus, the issue is not properly before the Court.

7

v. State Farm Mut. Auto Ins. Co., 2 Cal.App.4th 153, 159 (1991). "[S]omething more than nonperformance is required to prove defendant's intent not to perform his promise." Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30 (Cal. 1985).

Here, Wang has not provided enough evidence of any "secret plan," nor any evidence of a contemporaneous fraudulent intent by Banco to support its summary judgment motion. The evidence demonstrates that Banco's delay in paying Wang's bills was based on legitimate concerns about the amount of the bills in the Underlying Litigation and Wang's failure to substantiate the work performed and hours billed. Def's Mot. at 20:27-28 through 22:1-16. It is undisputed that Wang submitted its first bill after four months of work in the Underlying Litigation. Def's Mot. at 20:27-28. Banco questioned the bills and raised concerns, particularly in light of the fact that the case involved only a $275,000 letter of credit. See Doc. # 100, Decl. of Francis Wang, Exh. 3 (letter from Francis Wang confirming Plaintiff's knowledge of Banco's billing concerns); see also Doc. # 105, Decl. of Sandro Marcondes, Exb. 2 (letter demonstrating Banco expressed its concerns to Plaintiff regarding the cost generated in the Underlying Litigation). Evidence of nonpayment by itself is not sufficient to show fraudulent intent, and Wang fails to offer any persuasive or probative evidence that Banco had fraudulent intent at the time

8

it engaged Wang's services.  See Tenzer, 39 Cal. 3d at 30.
Accordingly, Wang's fraud and concealment claim is factually
unsupported and fails as a matter of law.  As such, Wang's
motion for summary judgment on the fraud and concealment claim
is DENIED and Banco's motion for summary judgment on the fraud
and concealment claim is GRANTED.

E.   Unfair Business Practices under Bus. & Prof. Code Sec. 17200

As stated above, Banco's motion for summary judgment on
Wang's third cause of action for unfair business practices under
Bus. & Prof. Code Sec. 17200 is unopposed.  At the February 11,
2009 hearing, Wang stipulated that it does not oppose Banco's
motion for summary judgment on this claim.  Accordingly, Banco's
motion for summary judgment as to Wang's unfair business
practices claim is GRANTED.

F.   Open Book Account

Plaintiff asserts that Banco is indebted to Wang on an open
book account for work and services performed in the Underlying
Litigation.  TAC ¶¶ 91-92. An action for an open book account
will arise only where the parties have agreed that the money due
on a transaction will be the subject of an account between them.
Warda v. Schmidt, 146 Cal.App.2d 234, 237 (1956).  The recording
of transactions or account-keeping will not by itself give rise
to a claim for an open book account.  Id.  In deciding whether a
book account exists the Court must examine the agreement, or

lack of agreement, between the parties and their conduct in the context of their dealing. Maggio, Inc. v. Neal, 196 Cal.App.3d 745, 752 (1987). The mere incidental keeping of accounts does not alone create a book account. Id.

Here, there is no evidence of an agreement between the parties that the fees in the Underlying Litigation would be treated as an open book account. Nor does the conduct of the parties show that they intended or expected such an account would be created. Accordingly, there is insufficient evidence to support the finding of an open book account and Banco's motion for summary judgment on Wang's open book account claim is GRANTED.

G. Quantum Meruit

Wang's final cause of action is a common count claim for quantum meruit. TAC ¶¶ 93-98. Under California law, quantum meruit is "an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." In re De Laurentis Entertainment Group, Inc., 963 F.2d 1269, 1272 (9th Cir. 1992). Where a party has received a benefit which the party may not justly retain and the parties have no actual express contract covering compensation, for reasons of justice the law will imply a contract to pay for services rendered. See

<u>Iverson, Yoakum, Papiano & Hatch v. Berwald</u>, 76 Cal.App.4th 990, 996 (1999). To establish a claim for quantum meruit, the plaintiff must prove that: (1) the plaintiff rendered services to the defendant's benefit; and (2) the defendant would be unjustly enriched if the plaintiff was not compensated. <u>De Laurentis</u>, 963 F.2d at 1272.

Here, the criteria for a quantum meruit claim are facially satisfied. Banco obtained the benefit of Wang's legal services in the Underlying Litigation without paying for them, and Banco would be unjustly enriched if it paid Wang nothing for the services it received. As such, Wang has asserted a factually valid claim for quantum meruit and Banco's motion for summary judgment as to Wang's quantum meruit claim is DENIED. The issue of how much Banco should pay Wang for its legal services in the Underlying Litigation is one that will be resolved at trial.

### III. ORDER

For the reasons set forth above, Wang's motion for summary judgment is DENIED and Banco's motion for summary judgment is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: March 2, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE